UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT JOHNSON,

    Plaintiff,

vs.

Case No.:

MILLER DENTAL LABORATORY, INCORPORATED a Florida Profit Corporation; and PATRICIA MILLER, Individually,

    Defendants.    /

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, SCOTT JOHNSON ("Plaintiff"), by and through the undersigned counsel, and files this Verified Complaint against Defendants, MILLER DENTAL LABORATORY, INCORPORATED a Florida Profit Corporation ("MILLER DENTAL LAB"); and PATRICIA MILLER, Individually ("MILLER") (collectively "Defendants"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as this is a claim for unlawful retaliation and unpaid wages brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, overtime wages, an additional equal amount in liquidated damages, front pay, and compensatory damages, and to recover reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b), 29 U.S.C. §215(a) and 28 U.S.C. §§ 2201-2202.

3. Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Lee County, Florida.

5. At all times material hereto, Defendant MILLER DENTAL LAB was, and continues to be a Florida Profit Corporation. Further, at all times material hereto, Defendant MILLER DENTAL LAB was, and continues to be, engaged in business in Florida, doing business in Lee County.

6. Based on the information and belief, at all times material hereto, Defendant MILLER was and is individual resident of Lee County, Florida.

7. At all times material hereto MILLER owned and operated MILLER DENTAL LAB.

8. At all times material hereto, MILLER regularly exercised the authority to: (a) hire and fire employees of MILLER DENTAL LAB; (b) determine the work schedules for the employees of MILLER DENTAL LAB; and (c) control the finances and operations of MILLER DENTAL LAB.

9. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of MILLER DENTAL LAB; (b) determine the work schedules for the employees of MILLER DENTAL LAB; and (c) control the finances and operations of MILLER DENTAL LAB, MILLER is an employer as defined by 29 U.S.C. 201 *et. seq.*

10. Further, at all times material hereto, MILLER was/is the President for MILLER DENTAL LAB, acting in MILLER DENTAL LAB's interest in directing the

work of Plaintiff.

11. At all times material hereto, MILLER DENTAL LAB was "engaged in commerce" within the meaning of §7 of the FLSA.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

14. At all times material hereto, Defendant MILLER DENTAL LAB was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendants is in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material hereto, Defendant MILLER DENTAL LAB had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as company, computers, telephones, titanium, CAP Zirconia, lithium disilicate glass ceramic, and porcelain.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

18. MILLER DENTAL LAB is a facility that produces and sells crowns, bridge work, veneers, implants, inlays, and onlays.

19. In approximately December 2010, Defendants hired Plaintiff to work as a non-exempt "Dental Lab Technician."

20. Plaintiff's job duties included but were not limited to the fabrication of non-removable dental crowns. Plaintiff was also subsequently engaged by Defendants to perform construction related work for Defendants.

21. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

22. In approximately January 2018, Defendants changed Plaintiff's pay structure from hourly to 'salary' and ceased to pay Plaintiff the required overtime compensation.

23. Plaintiff's 'salary' was designed to cover only forty hours, as it was the equivalent of his previous hourly rate times forty hours.

24. In approximately September 2018, Defendants began to require Plaintiff to perform additional work as a carpenter for Defendants' new location.

25. This additional work resulted in significant overtime hours for which Plaintiff was not compensated.

26. From approximately January 2018 and continuing through May 20, 2019, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

27. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

28. In May 2019, Plaintiff requested to be paid overtime compensation for the additional hours worked. At that point, Defendants terminated Plaintiff for being "difficult."

29. Upon information and belief, Defendants' claim that Plaintiff was

"difficult" was directly related to his complaint about not being paid overtime.

30. Defendants have violated Title 29 U.S.C. §207 from at least January 2018 and continuing through at least May 2019, in that:

 a. Plaintiff worked in excess of forty (40) hours in one or more weeks for the period of his employment with Defendants; and

 b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA.

31. Defendants have violated Title 29 U.S.C. §215 in that they have discriminated and retaliated against Plaintiff for exercising his rights under the FLSA.

32. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

33. Defendants' retaliatory conduct against Plaintiff for complaining about Defendants' pay practices was willful.

34. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RETALIATION IN VIOLATION OF §215(a)(3)

35. Plaintiff realleges and incorporates paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Plaintiff complained verbally to MILLER regarding the excessive amount of hours Plaintiff was expected to work, without proper overtime compensation.

37. Plaintiff's employment was terminated immediately upon his request to be

paid overtime.

38. Defendants had no legitimate reason to terminate Plaintiff's employment.

39. Defendants have discriminated and retaliated against Plaintiff because he complained about Defendants' unlawful pay practices, in violation of 29 U.S.C. §215(a)(3).

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

41. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff seeks a judgment for Plaintiff and against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## COUNT II
## UNPAID OVERTIME WAGES

42. Plaintiff realleges and incorporates paragraphs 1 through 34 of the Complaint as if fully set forth herein.

43. From at least January 2018 and continuing through May 2019, Plaintiff worked in excess of forty (40) hours during one or more weeks of his employment for which he was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

44. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

45. Defendants' actions were willful and/or showed reckless disregard for the

provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

46. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

47. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

48. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

DATED this 30th day of December, 2019.

Respectfully Submitted,

_____
Angeli Murthy, Esq.
Florida Bar No.: 088758
Morgan & Morgan, P.A.
8151 Peters Rd. Suite 4000
Davie, FL 33324
Telephone: (954) 327-5369
Facsimile: (954) 327-3016
Email: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

## VERIFICATION

I, **SCOTT JOHNSON**, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 12-23-19

*Scott Johnson*
**SCOTT JOHNSON**

You created this PDF from an application that is not licensed to print to novaPDF printer (http://www.novapdf.com)