# EXHIBIT "1"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT JOHNSON,

    Plaintiff,

vs.

MILLER DENTAL LABORATORY, INCORPORATED, a Florida Profit Corporation; and PATRICIA MILLER, Individually,

    Defendants.

Case No.: 2:19-cv-00907-SPC-MRM

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This Settlement Agreement and Release of Claims (hereinafter the "Agreement") is entered into by and between Plaintiff SCOTT JOHNSON("Plaintiff"), and Defendants, MILLER DENTAL LABORATORY INCORPORATED, a Florida Profit Corporation, and PATRICIA MILLER, Individually, (collectively "Defendants").

WHEREAS, Plaintiff was previously employed by Defendants until his separation from employment in May 2019;

WHEREAS, Plaintiff filed a lawsuit alleging claims against Defendants in the United States District Court, Middle District of Florida, for alleged violations of the Fair Labor Standards Act; and

WHEREAS, Defendants denied any violations of the Fair Labor Standards Act, and the parties thereafter engaged in extensive discovery; and

WHEREAS, the parties prefer to avoid the uncertainties and continued expense of litigation, and therefore, have elected to settle this matter, subject to court approval;

NOW, THEREFORE, Plaintiff and Defendants agree as follows:

1

1. The parties desire to reach a full and final settlement and resolution of all past and present claims, controversies and disputes related to the Fair Labor Standards act, including the payment of overtime wages or regular wages or claims for retaliation that Plaintiff has or may have against Defendants, including all claims alleged in this matter as of the date of this Agreement.

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    a. To settle and release any and all claims for unpaid wages and retaliation which Plaintiff has against Defendants, which arose or may have arisen prior to the date of execution of this agreement and to dismiss, with prejudice, the case Plaintiff has filed in the U.S. District Court, Middle District of Florida, Fort Myers Division, Case No. 2:19-cv-00907-SPC-MRM (the "Lawsuit"); and

    b. To agree and acknowledge that this settlement does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

3. For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Defendants agree to pay Plaintiff the total consideration of Nine Thousand Dollars ($9,000.00). Of the settlement proceeds, Plaintiff will receive a total of Six Thousand Dollars ($6,000.00), two thousand five hundred ($2,500) of which represents claimed wages, and two thousand five hundred ($2,500) of which represents claimed liquidated damages as a result of Plaintiff's unpaid overtime claim. The remaining one thousand ($1,000) is being paid to Plaintiff in consideration for his release of his retaliation claim, also equally divided between wages and liquidated damages. Plaintiff's counsel will

receive Three Thousand Dollars ($3,000.00), representing attorneys' fees and costs incurred on Plaintiff's behalf.

***Plaintiff specifically is aware of, and agree with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter.***

4. The above payments for claimed liquidated damages shall be paid in gross amounts with no taxes withheld. Company shall issue a Form 1099 with respect to these amounts in 2021 (for taxable year 2020) and 2022 (for taxable year 2021), stating the amounts as "other income." The above payments for wages shall be less applicable lawful employee withholdings.  Company shall issue an IRS Form W-2 to Plaintiff with respect to these amounts in 2021 (for taxable year 2020) and 2022 (for taxable year 2021).  Plaintiff shall be responsible for any taxes associated with compensation he receives reported on an IRS Form 1099, and Plaintiff's counsel shall be responsible for reporting and payment of taxes associated with the sums attributable to attorney's fees and costs.

5. The Parties have agreed that the gross settlement amount of $9,000 will be paid in nine equal installments. Defendants agree that each installment payment will be delivered to Plaintiff by delivering same to Plaintiff's counsel, Angeli Murthy, Esquire, at 8151 Peters Road, 4th Floor, Plantation, FL 33324, such that the payments are received on or before the following due dates:

   a. The first payment of $1,000.00 will be due within 10 days of the Court's approval of this Agreement ("Payment 1").

   b. The remaining payments will be made in the subsequent eight months after Payment 1, due 30 days from the date of the previous payment.

   c. The first six settlement payments will be paid to Plaintiff, Scott Johnson, and split equally between wages (withholdings/W2) and liquidated damages (no withholdings/1099).

       d. The final three settlement payments will be made payable to Plaintiff's counsel, Morgan & Morgan, P.A.

6. Within seven days of receipt of the fully executed settlement agreement, the parties agree to file a motion for approval of the settlement agreement as fair and reasonable. Although Plaintiff understands that he initially claimed more in damages in his Answers to the Court's Interrogatories, he specifically agrees to the reasonableness of this resolution due to defenses regarding coverage that Defendants raised in this matter, as well as the risks of continued litigation due to Defendants' financial condition. Due to the nature of FLSA claims, the parties understand that this settlement is not confidential. The parties authorize their counsel to take any necessary action to effectuate approval of the Settlement Agreement and, to the extent necessary, to engage in good faith to modify or eliminate any terms which the Court requires or declines to approve

7. In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

8. Plaintiff acknowledges and agrees that with the payment of the amounts stated in Paragraph 3, he will have been fairly compensated for all wages potentially owed to him under the Fair Labor Standards Act ("FLSA"), as well as all attorneys' fees incurred to date. Defendants deny that any monies are owed to Plaintiff, and are offering this amount that Plaintiff considers fair compensation for wages, liquidated damages, and attorneys' fees, solely to avoid the costs of continued litigation.

9. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having

4

had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

10. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants.  No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and the Defendants.

11. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

12. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

13. The parties agree that this Agreement was entered into in the State of Florida, and shall be construed and enforced in accordance with the laws of the State of Florida.  In the event that any party is forced to institute legal proceedings for breach of the terms of this Agreement, it is specifically understood and agreed that any such legal proceeding must be brought exclusively in the federal or state courts servicing Florida.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates indicated below with the intent to be legally bound hereby.

DATE: 10/15/2020

Signature:

*Scott Johnson* (signature)

_____
**SCOTT JOHNSON**

DATE:_____

Signature:

_____
**MILLER DENTAL LABORATORY INCORPORATED**

Its:_____
                 Title

DATE:_____

Signature:

_____
**PATRICIA MILLER, Individually**

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates indicated below with the intent to be legally bound hereby.

DATE:_____       Signature:

                                       _____
                                       **SCOTT JOHNSON**

DATE: Oct 14, 2020       Signature:

                                       *Patricia A Miller*
                                       Patricia A Miller (Oct 14, 2020 13:30 EDT)
                                       **MILLER DENTAL LABORATORY INCORPORATED**

                                     Its: President/ Owner
                                           Title

DATE: Oct 14, 2020       Signature:

                                       *Patricia A Miller*
                                       Patricia A Miller (Oct 14, 2020 13:30 EDT)
                                       **PATRICIA MILLER, Individually**